Antonio Mazzeo
vs.
Ruth. W. Ray

No. 86230.

July 26, 1933.

JOSLIN, J. Heard on motion of the defendant for a new trial after verdict by the jury in favor of the plaintiff.

The defendant is the owner of an automobile which, on the day of the accident, was operated by her husband with her consent.

The accident occurred on Waterman Avenue in East Providence on December 30, 1930, at about 5 P. M. It was dark, although there was some light from the street lights. Waterman Avenue is on the State highway system. It runs east and west and is the main thoroughfare from Fall River to Six Corners, East Providence. It is about 20 feet in width, of cement construction. On the north side there is a macadam shoulder of about four feet. On the south side there is a macadam shoulder of about three feet, to the right of which there are car tracks. A few days before the day of the accident there had been a heavy snowstorm but the whole roadway, including the cement and macadam, was entirely clear of snow. There was a dirt sidewalk on the north side. There was evidence which would warrant a finding that it was passable. The plaintiff was walking on the north side in a westerly direction. The automobile was proceeding in the same direction. The evidence was contradictory as to whether the plaintiff was walking on the macadam shoulder or the cement roadway. The plaintiff claims the automobile overtook him and struck his left side a glancing blow, throwing him over to his right side. There is no evidence that the defendant travelled at a high or unreasonable rate of speed or that the lights on the automobile were defective or inadequate, or were not lighted.

Plaintiff's only witness on the question of liability admitted he did not know what happened a moment before the accident occurred. He placed the plaintiff four feet from the cement road, while the plaintiff himself testified he was only two feet from the cement road. In our opinion said witness saw some of the events before the accident but we are not satisfied that he actually saw the accident itself.

In the direction in which the plaintiff was walking, he was on his right hand side of the road, but his right hand side is by Chap. 1582 of the Public Laws 1930, the wrong side. Said chapter provides that:

"Every person travelling on foot on any part of the state highway system shall walk as near his extreme left of the metalled portion of said part of said highway system as is practicable."

The fact that the plaintiff was violating the statute in walking on the wrong side of the road does not make him guilty of contributory negligence *per se*, but it is evidence of contributory negligence.

A careful review of all the evidence impels this Court to the conclusion that that the plaintiff did not, by the fair preponderance, prove either his own due care or negligence on the part of the defendant.

Justice demands a new trial and the defendant's motion is granted.

For plaintiff: Messrs. Pettine, Godfrey & Cambio.

For defendant: A. S. and A. P. Johnson.